JOSEPH FARRELL

*v.*.

SAMUEL McKEE *et al.*

1. CHANCERY — *jurisdiction, when it has not.* A court of chancery has no jurisdiction to grant relief, where the remedy is unobstructed at law.

2. REMEDY AGAINST SHERIFF — *complete at law, when.* So where a sheriff levied an execution on personal property without first exhausting the real estate on which was a prior lien, and which was otherwise incumbered, it was *held,* relief should be sought in the court from which the execution issued, by motion to set aside the levy..

3. EXECUTION — *when stayed on motion.* Such a motion, specifying the real estate, giving an abstract of the title and incumbrances upon it, if any, would authorize the circuit judge to grant an order staying the proceedings until the real estate should be sold.

4. In such case, the remedy is complete at law, and an injunction granted for such cause is properly dissolved, and the bill being only for an injunction, is properly dismissed on dissolving the injunction.

5. ANSWER IN CHANCERY — *when taken as true.* Where the answer denies all the alleged equities in the bill, and there is no replication filed, it must be taken as true, and hearing a motion to dissolve the injunction and dismiss the bill, is, under such circumstances, equivalent to hearing the cause upon the pleadings.

6. INJUNCTION — *when it can be continued.* A party wishing to continue an injunction, must produce affidavits satisfactory to the court, that the answer is untrue, and that he has witnesses to disprove it, whose testimony he can procure by the next term, and that he has had no opportunity to procure their testimony since the coming in of the answer.

7. SAME — *when continuance properly refused.* A continuance was properly refused when complainant failed to satisfy the court on that point.

ERROR to the Circuit Court of Perry county; the Hon. J. H. MULKEY, Judge, presiding.

The plaintiff in error filed his bill in the Circuit Court of Perry county, against the defendants in error, alleging that in the month of October, 1860, executions were issued from the Circuit Court of Perry county, in favor of the defendants, McKee & Co., Bacon, Hyde & Co., Grant, Walker & Co., and Fargo & Bill, for various sums of money, in the aggregate amounting to $865.46, upon judgments rendered in their favor, at the September term, 1860, of said Circuit Court; which were delivered to the defendant, James J. Hoge, who was sheriff of Perry county aforesaid, and of whom the said Dougherty Hoge was the deputy; which executions were levied upon real estate, the property of the plaintiff in error, worth at least five times the amount of the said executions, at a reasonable and fair valuation,

and the plaintiff in error, besides, offered the said sheriff real estate, unincumbered, worth double the amount of the said executions, to be levied upon and sold towards satisfying said executions. That the said sheriff, and his said deputy, notwithstanding the premises, seized, and took in execution, personal property of the plaintiff in error, worth $1,700 at least, and was about to sell and dispose of the same at a great sacrifice, for the purpose of satisfying said executions; and that the said sheriff and the said deputy were so doing, for the express purpose of harassing and oppressing the plaintiff, which the plaintiff alleged was contrary to equity, and prayed an injunction to restrain the said sheriff from selling the said personal property under said executions, which was granted on the second day of May, 1861, by the circuit judge of Perry county.

The defendants, Hoge, at the September term of said court, filed their answer, in which they deny that real estate of the value mentioned in complainant's bill was levied on as therein alleged, and aver that the real estate aforesaid was not worth the amount in complainant's bill set forth, nor in fact worth enough to satisfy said executions. They also allege, that the said real estate was levied upon by other executions issued upon judgments against the plaintiff in error, which had a prior lien over the executions in the hands of the defendants, for' the reason that the said executions, although issued on judgments rendered against the plaintiff at the September term of the Perry Circuit Court, 1860, were levied upon the said real estate before the levy was made thereon by the defendants. The defendants further deny, that the plaintiff offered to give up, to satisfy the executions in their hands, other real estate; and allege, further, that a portion of the real estate offered to be given up, was incumbered to such an extent as to be not worth levying on, and that the plaintiff having no other real estate in the county of Perry, subject to execution, the defendants levied said executions upon the personal property in said complainant's bill mentioned.

The plaintiff then filed the following affidavit, to wit: " Joseph Farrell, complainant in the above entitled cause, being

first duly sworn, states upon oath that so much of the answer to the bill of complaint in the above entitled cause as denies that this affiant, complainant as aforesaid, offered to give up ten acres, more or less, being part of the south-east fourth of the south-east fourth of Section 29, Township 4 south, Range 1 west, lying west of Tamaroa, Perry county, Illinois ; and also that this affiant offered for levy and sale, lot No. 15 in block 5, in the town of Tamaroa aforesaid, is wholly false. Affiant also states and charges, that so much of said answer as alleges that at the time of the levy upon the said personal property in complainant's bill mentioned, there was no real estate of this affiant in said Perry county which was not previously incumbered by mortgages and deeds of trust, is untrue. Affiant further alleges, that so much of said answer as charges that the said lands given up by affiant to defendant, as alleged in his bill, were levied upon and sold after being advertised according to law, by A. A. Clymer, now sheriff of Perry county, upon executions in favor of Hammack, Pyatt & Carter, is untrue ; nor had said last mentioned executions, or any other executions, a prior lien upon said lands over the executions in complainant's bill mentioned — all of which facts, as herein and above charged, affiant expects and will be able to prove at the next term of this court, by the testimony of T. B. Needles, William A. Head and Edward Davis, all of whom are residents of Washington county, Illinois. Affiant also expects to prove, by said witnesses, all the charges and allegations in his said bill to be true, and all the material allegations in respondents' answer, so far as the same denies the material charges in the bill, to be wholly false.

"Affiant also states, that he has had no opportunity, since the coming in of said answer, the same not having been filed until the 26th inst., to procure the testimony of said witnesses, wherefore affiant asks that the hearing of the motion herein be postponed until the next term of this court, according to the provisions of the statute, etc.

"Subscribed and sworn to," etc.

The answer of the defendants was sworn to by one of them,

viz., Dougherty Hoge, and the answer, thus sworn to, was the only sworn testimony adduced by the defendants on said motion.

The defendants, Hoge, were alone served with process, and no appearance was entered for the other defendants; and at the same term of court a motion was made by the defendants, Hoge, to dissolve the injunction, upon which a cross-motion was entered by the plaintiff to continue said cause until the next term, upon the foregoing affidavit.

The court overruled the motion to continue the cause, and sustained the motion to dissolve the injunction, and the injunction was accordingly dissolved and the bill dismissed; to which ruling of the court the plaintiff excepted, and tendered his bill of exceptions, which contains the affidavit of the plaintiff above set forth; and the plaintiff brings the cause into this court by writ of error, alleging, that the court erred in refusing his motion to continue the cause, and in dissolving the injunction and dismissing the complainant's bill.

Mr. RICHARD G. NELSON, for the Plaintiff in Error, made the following points:

1.    The court erred in dismissing bill, even if the injunction was properly dissolved.    *Parkinson* v. *Trousdale*, 3 Scam. 370.

2.    The court erred in dissolving injunction and dismissing bill without proof.    *The People* v. *Gilmer*, 5 Gilm. 248.

3.    The court below erred in overruling motion to continue cause on complainant's affidavit.    Rev. Stat. 383, sec. 13.

Mr. GEORGE W. WALL, for the Defendants in Error, made these points:

The bill disclosed no ground for a court of equity to interfere.

If an officer levy on property which is exempt, the remedy is at law and not by bill in chancery.    *Baird* v. *Foreman*, Breese, 303 ; *Greenup* v. *Brown*, Breese, 194 ; *Robinson* v. *Chesseldine*, 4 Scam. 333.

The defendant might have applied to the court for an order setting aside the levy. Such an application should specify the property, give an abstract of the title, and show its value, with the incumbrances on it, if any. *Pitts* v. *Magie*, 24 Ill. 613.

Even if the matter could be reached by bill in chancery, it should contain all the allegations requisite in an application for an order setting aside the levy.

It is a well settled rule, that where there is an ample remedy at law, equity will not interfere.

The answer in this case denied all the equity in the bill, and affidavits would not have delayed the dissolution of the injunction. *Parkinson* v. *Trousdale*, 3 Scam. 370; *Reece* v. *Darby*, 4 Scam. 160; *Titus* v. *Mabee*, 25 Ill. 257.

The bill not asking any relief except such as consisted in a continuance of the injunction, was properly dismissed. Were this not so, yet the bill was properly dismissed, inasmuch as it shows no ground of equitable relief. *Puterbaugh* v. *Elliott*, 22 Ill. 157.

The affidavit for a continuance exhibits no ground such as is required by the statute. Can the decision of the court in refusing the continuance be assigned for error? Is it not purely a matter of discretion? The affidavit attempts to contradict matters of record, and is loose, evasive, indefinite and uncertain to such an extent that it failed (very naturally) to "satisfy the court" that the "complainant could disprove the answer, or any material part thereof."

Mr. JUSTICE BREESE delivered the opinion of the Court:

The bill filed in this cause contains no matter for the interposition of a court of equity. The act of the officer in levying on property exempt by law, can be reached by an action at law, and full damages recovered. It affords no ground for a court of equity to interfere, except perhaps under extraordinary circumstances, which are not shown in this case. An order of the judge of the Circuit Court in which the proceedings arose,

might have been obtained to stay the proceedings until a motion could be heard to set aside the levy. Full and ample remedy existed at law, for all the injury of which complaint is made. *Robinson* v. *Chesseldine*, 4 Scam. 332. Such an application, specifying the property, giving an abstract of the title, with its value, and incumbrances, if any, upon it, would have authorized the judge to stay the proceedings against the personal property until the real estate should be exhausted. *Pitts* v. *Magie*, 24 Ill. 613.

The remedy being complete at law, there was no equity in the bill, and the injunction was improvidently granted and therefore properly dissolved. The bill being for an injunction only, when that was dissolved, nothing remained for the action of the court, and, therefore, the court did not err in dismissing the bill.

The answer in this case denied all the equity in the bill, and must be taken as true as there was no replication filed, and hearing a motion to dissolve an injunction and dismiss the bill, is, under such circumstances, equivalent to hearing the cause upon the pleadings. The dissolution of the injunction was a matter of course upon filing the answer, unless the bill is sustained by affidavits. *Parkinson* v. *Trousdale*, 3 Scam. 367.

But the plaintiff complains that he was not permitted to sustain his bill by affidavits, his motion for a continuance for such purpose having been overruled.

The affidavit does not show any such ground for a continuance, as the statute requires. By section 13 of the act respecting *ne exeat* and injunctions, it is provided, if after a dissolution is moved for, the plaintiff in the bill will satisfy the court by his own affidavit, or the affidavit of any disinterested person, that the answer, or any material part thereof, (to be specified in the affidavit) is untrue, and that he has witnesses whose testimony he believes he can procure by the next term of the court, who will disprove the said answer, or such material part as shall be specified in the affidavit, and that he has had no opportunity to procure such testimony since the coming in of the answer, it shall be lawful for the court to grant a continuance of said

motion until the next term.    Scates' Comp. 148.    From this it is
manifest the continuance is a matter in a great degree discretion-
ary with the court, as the court must be satisfied the complainant
can prove the answer to be untrue.    Satisfying the court, is a pre-
liminary and indispensable requisite to a continuance.    This be-
ing so, it is for the court, to whom application is made, to deter-
mine for itself on this point, and its judgment thereon cannot,
usually, be inquired into by any other court.    The matters set
up in the affidavit, were matters to be proved, for the most part,
by record, the evidence of which existed in the court where the
suit was pending, and which could not be proved by parol.    They
are, besides, very loosely stated, and in a manner not calculated to
satisfy a court.    The court not being "satisfied" that complain-
ant could disprove the answer, or any material part in it, very
properly refused a continuance.

We perceive no error in any of the rulings of the Circuit
Court, and therefore affirm the decree.

*Decree affirmed.*