## City of Chicago, Appellee, v. Henry Miller, Appellant.

## Gen. No. 14,530.

1. ORDINANCES—*when providing for fine, etc., become effective.*
Ordinances which provide for the imposition of "any fine, penalty,
imprisonment or forfeiture" do not take effect until ten days after
publication.

2. JUDICIAL NOTICE—*of what not taken.* The Appellate Court will
not take judicial notice of municipal ordinances and will not guess
at what an ordinance contained before it was amended or other-
wise indulge in conjecture as to the state of the municipal code
upon the subject in question at the time of the alleged violation of
a penal provision.

Action commenced before justice of the peace. Appeal from the
Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge,
presiding. Heard in this court at the March term, 1908. Reversed.
Opinion filed February 15, 1909.

AMMEN, HUMPHREY & JOYNER, for appellant.

GEORGE H. WHITE, for appellee; HENRY M. SELIG-
MAN, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion
of the court.

The city of Chicago filed a complaint before a jus-
tice of the peace, alleging that, November 3, 1906,
Henry Miller, the appellant here, unlawfully commit-
ted a fraud in regard to the weight of coal, in violation
of section 2487 of an ordinance of the city, entitled
"An ordinance for revising and consolidating the
general ordinances of the city of Chicago," passed
March 20, 1905, and a warrant was issued for the ar-
rest of the defendant on said complaint, and the
defendant was arrested. The justice found the de-
fendant guilty of a violation of said section 2487, and
fined him $25, and defendant appealed to the Circuit
Court, where the cause was tried by the court, without
a jury, by agreement of the parties, and the court,

November 13, 1907, found the defendant guilty of a violation of said section 2487, and November 16, 1907, after overruling a motion of the defendant for a new trial, entered judgment on the finding for $25 and costs.

February 24, 1908, a day of the February term 1908, the court, on motion of the plaintiff, entered an order whereby, after reciting that by error in the minutes of the clerk, the finding and judgment of the court were written in said minutes as being for a violation of section 2487, instead of being in violation of section 741, as amended October 22, 1906, it is ordered as follows: "It is therefore ordered, adjudged and decreed that the record of this cause be amended so as to show that said finding and judgment were for a violation by defendant of section 741 of the Revised Municipal Code of Chicago of 1905, as amended October 22, 1906." The question of the validity of this amendment is not discussed by counsel.

The motion of defendant for a new trial is in writing, and one of the specified grounds is, "The ordinance, under which the defendant was found guilty, was not in force at the time the offense was committed."

The evidence, without exception, is that the offense, if any, was committed October 29, 1906. The ordinance, as the same was put in evidence by plaintiff, and which it is claimed the defendant violated, and for the violation of which he was fined, is as follows:

"Published by authority of the City Council of the City of Chicago, Wednesday, October 24, 1906.

AN ORDINANCE.

"Amending section 741 of chapter XVI of an ordinance entitled the Revised Municipal Code of Chicago of 1905.

"Be it ordained by the City Council of the City of Chicago.

"Section 1. That section 741 of chapter XVI of an ordinance entitled the Revised Municipal Code of

Chicago, passed March 20, 1905, be and the same is hereby amended to read as follows:

" '741. Penalty. Any person violating any of the provisions of this chapter, or who shall deliver to any purchaser a less quantity than two thousand pounds of coal for each ton purchased (or a proportionate amount for any part of a ton), or who shall practice any fraud or deceit in the sale or delivery of any coal purchased, to be delivered in said city as aforesaid, shall be fined not less than twenty-five dollars, nor more than two hundred dollars for each offense.

" 'Section 2. This ordinance shall take effect and be in force from and after its passage and publication. A. C. Anson, City Clerk.' "

It will be observed that the ordinance is not certified by the clerk, but no objection seems to have been made to its introduction. Section 3 of article 5 of "An act to provide for the incorporation of cities and villages," under which the city of Chicago is incorporated, is as follows:

"All ordinances of cities and villages imposing any fine, penalty, imprisonment or forfeiture, or making any appropriation, shall, within one month after they are passed, be published at least once in a newspaper published in the city or village, or, if no such newspaper is published therein, by posting copies of the same in three public places in the city or village; and no such ordinance shall take effect until ten days after it is so published. And all other ordinances, orders and resolutions shall take effect from and after their passage, unless otherwise provided therein." Hurd's Rev. Stats. 1905, p. 304, parag. 64.

Amended section 741 was passed October 22, 1906, and was published October 24, 1906. Ten days after such publication expired November 3, 1906, so that the ordinance was not in force October 29, 1906, when the evidence is that the offense, if any, was committed. The only answer to this made by plaintiff's counsel, is this: "This court cannot guess as to what section 741 contained before it was amended. If the ordi-

nances were substantially the same and simply the penalty changed, there is nothing in the decisions referred to by counsel that would justify the discharge of the defendant." If original section 741 was such as to warrant the plaintiff's conviction on the oral evidence, and the plaintiff had put the original section in evidence, a different question might be presented; but the original section is not in evidence, and, as well said by counsel, we cannot guess what that section was, and certainly cannot guess that it was such as to warrant the finding and judgment of the court in a *quasi* criminal action.

Our law, fortunately, does not permit the depriving one of his money or property by mere guess-work.

The plaintiff was permitted by the court, over the objection and exception of the defendant, to put in evidence an ordinance published November 7, 1907, purporting to amend section 741 of the Revised Municipal Code of Chicago of 1905, as amended, October 22, 1906, "so as to read as follows". Next after the quoted words the November ordinance follows. The admission of this ordinance in evidence was reversible error. The ordinance was not in force October 29, 1906, when the offense, if any, was committed, and very clearly it operated as a repeal of section 741, as amended October 22, 1906. It is a revision of amended section 741, and a substitute for it, and, when in force, operated as a repeal of amended section 741. It provides in express words, that the section, as amended, "shall be and the same is hereby amended so as to read as follows." The ordinance of November 7, 1907, has no saving clause, and when it took effect the amendatory ordinance of October 22, 1906, was as if it had never existed. Palmer v. City of Danville, 166 Ill. 42.

The judgment will be reversed.

*Reversed.*