Rudy Wiedoeft, Appellee, v. Frank Holton and Company, Appellant.

Gen. No. 39,981.

Opinion filed March 11, 1938. Rehearing denied April 6, 1938.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, and FREDERICK KULL, of Elkhorn, Wis., for appellant; EDWARD R. JOHNSTON, ALBERT E. JENNER, JR., and SAMUEL W. BLOCK, all of Chicago, of counsel.

BENJAMIN H. EHRLICH, of Chicago, for appellee; AARON H. COHN, of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is an interlocutory appeal from an order entered December 3, 1937, appointing a receiver for defendant, Frank Holton & Co., an Illinois corporation, after a hearing upon the verified complaint of plaintiff and the verified amended answer of defendant. No evidence was heard.

Plaintiff's complaint, filed October 14, 1935, alleged substantially that suit was brought on behalf of plaintiff and "all other creditors" who might choose to join therein; that September 5, 1935, a decretal judgment for $23,063.40 was entered in the superior court of Cook county against defendant and in favor of plaintiff; that September 12, 1935, plaintiff sued out a writ of *fieri facias* upon the decretal judgment; that the sheriff of Cook county served the writ upon Ning Eley, secretary and registered agent of the defendant in Chicago, Illinois, on September 18, 1935; that October 11, 1935, the writ was returned "no part satisfied," and that both the decretal judgment and the writ of execution remained wholly unsatisfied up "to the time of the filing of this bill of complaint"; that defendant corporation was organized February 15, 1904, with an original capitalization of $100,000; that the capitalization was subsequently increased to $500,000; that the certificate of incorporation authorized defendant to engage in the business of manufacturing and selling musical instruments; that during the early period of its existence defendant maintained its principal office

in Chicago; and that defendant subsequently moved its factory and office to Elkhorn, Wisconsin, "merely retaining a registered agent and technical legal home in Chicago."

The complaint then proceeded as follows:

"Plaintiff further states, upon information and belief, that since the time of the service of the writ of *fieri facias* upon the defendant, the said corporation, it was and still is indebted to divers parties in a sum largely in excess of its assets; that such indebtedness remains wholly unpaid and unsatisfied and that the said corporation is hopelessly and irretrievably insolvent, and is unable to pay its debts and obligations in the regular course of business as they mature.

"Plaintiff further states that he is informed and believes that in the course of the said business divers persons became indebted to the said Frank Holton & Co. to a large amount, and that the said corporation had, at the time of filing this, the plaintiff's complaint, and still has, debts due to it, and for which the said Frank Holton & Co. holds divers securities and evidences to a large amount; and has divers goods, merchandise and other articles of personal property which belong to said corporation, or in which it is in some way or manner beneficially interested, which the plaintiff has been unable to reach by execution against the said Frank Holton & Co., and that the said corporation has equitable interests and things in action of some nature and kind, all of which assets should be collected or taken possession of by a receiver and applied under the direction of this Court to the payment of plaintiff's said decree and all other indebtedness of said Frank Holton & Co.

"That the plaintiff has no adequate remedy at law."

The complaint concluded with the prayer that a decree be entered dissolving the defendant corporation and winding up its affairs; that a receiver of all the

property and effects of defendant be appointed with power to collect, marshal and distribute its assets; that an accounting be had of the indebtedness due plaintiff and other creditors; that the receiver be directed to apply the corporate assets in satisfaction of such debts; and that plaintiff have such other and further relief as to the court should deem meet.

An appeal from the decretal judgment which is the basis of this proceeding, having been perfected to this court, plaintiff's motion for the appointment of a receiver herein, which had been presented November 1, 1935, was continued generally. To plaintiff's complaint defendant filed its verified answer, the allegations of which were substantially the same as those contained in its verified amended answer subsequently filed. October 15, 1937, after the original decree had been affirmed by this court and leave to appeal denied by the Supreme Court, plaintiff renewed his motion for the appointment of a receiver without in anywise amending his complaint. The motion was continued to December 3, 1937, on which date defendant filed its verified amended answer.

The amended answer, after denying upon information and belief that this action was brought by plaintiff on behalf of himself and others, alleged "that plaintiff is not the legal owner of the alleged decree that is the purported basis of this action, but that the decree is owned by one Benjamin H. Ehrlich, . . . as appears by the records and proceedings of the Circuit court of Walworth county, Wisconsin, in a suit there pending upon said alleged decree, originally instituted in the name of this plaintiff against this defendant, wherein Benjamin H. Ehrlich . . . has been substituted as plaintiff."

After admitting the entry of the decretal judgment against defendant, the issuance and service of the execution and its return by the sheriff of Cook county "no

part satisfied,'' the answer averred ''that it does not admit that the alleged decree is a good and valid decree nor that it is in full force and effect, and says that it has duly denied the validity and legal existence of said alleged decree by its answer and counterclaim to the amended complaint in said suit in Wisconsin on said alleged decree''; that it ''did not allow said writ of *fieri facias* to remain unsatisfied because it could not satisfy it but because it believed the court erred in rendering said alleged decree, and that the sheriff did not return said writ in no part satisfied because the defendant did not possess ample assets out of which to satisfy it but because those ample assets were not within his jurisdiction, but at this defendant's principal and sole place of business at Elkhorn, Walworth County, Wisconsin''; and that ''it does not admit the validity of said alleged decree and, therefore, does not admit the allegations as to the existence of a decree, nor that it is in full force and effect, nor that there is now actually and equitably due plaintiff upon said alleged decree $23,063.40 and interest, as alleged, or any other sum.''

Then, after admitting the allegations of the complaint relative to the organization and capitalization of defendant and the removal of its plant, business office and assets to Elkhorn, Wisconsin, and denying that it was ''hopelessly and irretrievably insolvent'' and ''unable to pay its debts and obligations in the regular course of business as they mature'' as charged upon information and belief in plaintiff's complaint, the answer alleged: ''. . . that at the time this suit was first begun, over two years ago, this defendant did not owe any bonded or funded debt whatever, but only current obligations, all of which have long since been paid in full in the usual course of business as they matured; that it does not now owe any bonded or funded debt; that it has and continues and will pay all obligations in full as they mature in the usual course

of business; that its current assets then were, and now are, nearly three times its total liabilities, exclusive of this alleged decree; that it has continuously conducted its business since its incorporation; that at its place of business in Elkhorn, Walworth county, Wisconsin, where it has been located since 1918, it owns real and personal property valued at fifteen times the amount of this alleged decree, all free, clear and unincumbered; that its plant there is in steady operation, employing on the average 140 persons; that its employees there performed upward of 34,000 man-hours of work in the month last ended or the equivalent of 40 hours a week for 190 employees; that it has manufactured and sold more instruments thus far this year than in any like time in any other year of its 33 years of existence; that during all of that time it has honorably paid in full all its just obligations, both current and otherwise, and has been directly sued by but two persons, the plaintiff, Rudy Wiedoeft, and one Bohumir Kryl, upon demands emanating out of two written agreements, which it says it had not executed, authorized nor ratified, and had no power, express or implied, to make, authorize or ratify, and which it had repudiated and denounced as illegal; the alleged claim of Bohumir Kryl was denied by the Supreme Court of Wisconsin.

"The defendant admits the allegations of paragraph 7 of the complaint, that it has accounts and notes receivable to a large amount and heavy inventories, but denies that this property should be taken possession of by a receiver, and shows to the Court that all of this personal property is at defendant's plant at Elkhorn, Wisconsin; and alleges further that defendant does not have nor at any time since the pendency of this action has it had any property, real or personal, in the State of Illinois.

"The defendant denies the allegation in paragraph 8 of the complaint that the plaintiff had no adequate remedy at law at the time of filing his complaint, in the

sense that such allegation is ordinarily made by the legal owner of a valid decree, and says that if said alleged decree is valid, and he then was the owner thereof, he then had a full and complete remedy at law by the suit filed in October, 1935, in his name upon the decree, in the Circuit Court of Walworth County, Wisconsin, where the defendant has its place of business and ample property to satisfy the levy of any execution upon any judgment that could be rendered in said suit.''

It was further alleged ''that this proceeding is wholly without warrant in law or equity, and that this Honorable Court has no jurisdiction by statute or common law to hear, consider, and adjudicate upon the allegations set forth in the complaint herein, or to grant the relief prayed for in the complaint.''

The answer concluded with a prayer that the complaint be dismissed. No reply was filed by plaintiff to either the original or amended answer.

The pertinent portions of the order appealed from are as follows:

''IT IS ORDERED that Bernard L. Pearlman of Chicago, Illinois, be and he is hereby appointed Receiver of the estate and property, real and personal, things in action, debts, equitable interest and other effects of the said defendant, FRANK HOLTON & CO., . . . and more particularly its plant and equipment, fixtures, merchandise and raw materials, located at Elkhorn, Walworth County, Wisconsin. . . .

''AND IT IS FURTHER ORDERED that the defendant . . . do assign, transfer and deliver to said Receiver . . . all such property, real and personal, things in action, equitable interests, fixtures, equipment, merchandise, raw materials and other effects, . . . and that it deliver to said Receiver in like manner all bills, notes, contracts, books of account, etc., and other evidences

relating thereto. And that the said defendant . . . execute and deliver to said Receiver . . . a general assignment of such property and effects; and also execute, acknowledge and deliver to said Receiver . . . a conveyance and assignment of the real estate aforesaid. . . .

"The said Receiver is hereby authorized and instructed to file petition for ancillary receivership in the State of Wisconsin to recover any property of the defendant in said State as to him is deemed necessary and advisable.

"It is FURTHER ORDERED that the complainant is excused from giving bond for this Receiver for good cause shown."

Numerous errors are relied upon for reversal but the only contention of defendant that we deem it necessary to consider is that "a court of equity, in the absence of proof of fraudulent dissipation of assets and insolvency, has no power to appoint a receiver for a corporation at the petition of a private person without express statutory authority," that only by virtue of sections 86(b) and 87 of the Illinois Business Corporation Act does a court of equity have any power to appoint a receiver for a corporation on the petition of a private individual, and that since said sections are not applicable to the facts in the instant case the court had no power to appoint a receiver for the defendant.

Plaintiff's theory as stated in his brief is "that the facts alleged in the complaint make out a creditor's bill in accordance with the provisions of the Chancery Act, ch. 22, sec. 49, State Bar Illinois Statutes of 1937, upon the basis of which the order appointing a receiver was entered; that the bill of complaint also contains sufficient allegations which, if proven later at the trial, will enable the Court to proceed to dissolve the defendant corporation under the Corporation Act of 1919 and the

Business Corporation Act of 1933''; that ''the Court, from the record in the case, was justified in appointing a receiver to preserve the assets of the defendant company *pendente lite*''; and that ''the powers granted to the receiver are necessary and proper for the accomplishment of the purposes of the complaint.''

Section 86(b) of the Illinois Business Corporation Act (ch. 32, sec. 157.86(b), Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 32.088]) extends to .courts of equity ''full power to liquidate the assets and business of a corporation . . . upon the suit of a creditor whose claim has . . . been reduced to judgment and an execution thereon returned unsatisfied . . . when . . . it is made to appear that the corporation is unable to pay its debts and obligations in the regular course of business as they mature,'' and sec. 87 of said act (ch. 32, sec. 157.87, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 32.089]) authorizes the court to appoint a receiver as an incident to dissolution proceedings as provided under sec. 86(b).

It must be conceded on the record that the defendant corporation was not insolvent either at the time plaintiff's complaint was filed or two years thereafter when the order was entered appointing the receiver. The complaint did allege upon information and belief the mere legal conclusion that defendant was ''hopelessly and irretrievably insolvent'' and was ''unable to pay its debts and obligations in the regular course of business as they mature,'' but defendant's answer not only denied its insolvency but averred facts which showed conclusively that it was and is able to pay its debts and obligations ''in the regular course of business as they mature.'' No reply having been filed to defendant's verified amended answer, the facts affirmatively alleged therein as to its solvency and ability to pay its debts must be taken as admitted. (Ill. Rev. Stat. 1937,

ch. 110, sec. 156 [Jones Ill. Stats. Ann. 104.032] ; *Forn-off v. Smith,* 281 Ill. App. 232.)

While plaintiff's complaint was obviously drawn in an effort to comply with the terms of secs. 86(b) and 87 of the Illinois Business Corporation Act, which give to courts of equity their only authority to dissolve corporations upon the petition of private individuals and to appoint receivers incidental to such dissolution, plaintiff now insists that in ordering the appointment of the receiver the court did not invoke the powers conferred by said sections of the statute, but appointed said receiver on the strength of allegations of the complaint, which were sufficient to ''make out a creditor's bill'' in accordance with the provisions of sec. 49 of the Chancery Act [Ill. Rev. Stat. 1937, ch. 22, § 49; Jones Ill. Stats. Ann. 106.12]. Plaintiff's position in this regard, in our opinion, is merely an afterthought, and he was compelled to assume it or some other position equally untenable by the conclusive showing made by the amended answer that defendant corporation was and is solvent.

The law has long been settled in this State that in the absence of proof of dissipation of assets and insolvency a court of equity has no power to appoint a receiver for a corporation at the petition of a private individual without express statutory authority. Discussing this question in the recent case of *National Bureau of Property Administration, Inc. v. Tax Service Ass'n,* 290 Ill. App. 152, the first division of this court said:

''It is well settled by a long line of decisions in this State that the courts of chancery have no general power to appoint receivers of corporations and can do so only when expressly authorized by statute, except at the instance of the attorney general. *People v. Weigley,* 155 Ill. 491; *Blanchard Bro. & Lane v. Gay Co.,* 289 Ill.

413; *Steenrod v. Gross Co.,* 334 Ill. 362; *Nelson v. Toluca State Bank,* 334 Ill. 83; *People ex rel. Palmer v. Peoria Life Ins. Co.,* 357 Ill. 486. The cases are reviewed in *People v. Shurtleff,* 353 Ill. 248, where the court said:

" 'Courts of chancery have no general power to appoint receivers for corporations and can appoint them only when expressly authorized by statute. (*Coquard v. National Linseed Oil Co.,* 171 Ill. 480; *Wheeler v. Pullman Iron and Steel Co.,* 143 id. 197; *Chicago Steel Works v. Illinois Steel Co.,* 153 id. 9; *People v. Weigley,* 155 id. 491.) . . . It was held in *Blanchard Bro. & Lane v. Gay Co., supra,* that appointing a receiver to take possession of the assets of a corporation and distribute them is tantamount to dissolving the corporation by a decree in equity, and that when the property of a corporation is all sold and distributed and its officers are powerless to obtain further means to carry on its business, it is powerless to exercise its corporate franchise and is then for all practical purposes dissolved.'

" . . .

"The Business Corporation Act of July 13, 1933, provides (see Ill. State Bar Stats. 1935, ch. 32, par. 86; Jones Ill. Stats. Ann. 32.088) the circumstances under which courts of equity may have full power to liquidate the assets and business of a corporation. Individuals who may maintain a bill for such purpose are divided into two classes. First, those who are shareholders in the corporation. Secondly, creditors of the corporation whose claims have either been reduced to judgment and an execution thereon returned unsatisfied, or whose claim is admitted by the corporation, and in either case it must be made to appear that the corporation is unable to pay its debts and obligations in the regular course of business as they mature."

In passing upon the same question in *Steenrod v. Gross Co., supra,* our Supreme Court said at pp. 368–370:

" . . . The bill for the appointment of a receiver conferred no jurisdiction on the circuit court. Courts of chancery have no general power to appoint receivers of corporations. The general rule is that they can only appoint receivers where expressly authorized by the statute. Appointing a receiver to take possession of the assets of a corporation and to distribute them is tantamount to dissolving the corporation by decree in equity. (*Blanchard Bro. & Lane v. Gay Co.,* 289 Ill. 413.) There was no charge in the bill of fraudulent mismanagement of the corporation by the officers whereby it was in imminent danger of insolvency or had been rendered insolvent by such mismanagement. A court of chancery is without jurisdiction to decree the dissolution of a corporation in the exercise of its general equity powers but is limited in that respect to the jurisdiction conferred upon it by statute. That jurisdiction is found in section 54 of the general Corporation act, and it is the same as the jurisdiction of the same subject matter conferred by section 25 of the act of 1872 concerning corporations, as amended by the laws of 1877, page 66, under which it was expressly held in *People v. Ames,* 155 Ill. 491, that a stockholder may not invoke the jurisdiction of a court of equity to take charge of all the company assets by a receiver and thus defeat the action of the creditors under section 25, and that a decree appointing a receiver in such a case is absolutely void for want of jurisdiction of the subject matter and is open to collateral attack upon a proceeding for contempt in disobedience of it.

"In the bill under which the plaintiff in error was appointed receiver it did not appear that the corporation was insolvent or that its affairs were being mis-

managed. It did appear that it was near insolvency, but it did not appear that the court or its receiver could manage the corporate affairs better than its officers, and the courts do not appoint receivers for the purpose of merely preserving the assets of the corporation where the application is made by stockholders, for the reason that the sovereign does not furnish public agencies for the carrying on of private enterprises. (*Blanchard Bro. & Lane v. Gay Co., supra.*) The relief sought by the bill in this case was the settlement of the affairs of the corporation, the application of its assets to the payment of its debts, and, after the payment of its debts, the winding up of its affairs and the distribution of its assets among its stockholders. The appointment of a receiver was a mere incident to that relief to enable the court to take possession of the property and business of the company and finally wind up its affairs. The court had no general equity powers in the case. It was without jurisdiction, under the statute, to grant the ultimate relief prayed by the bill, had no power to appoint the receiver and order him to take possession and control of the assets, and being wholly without jurisdiction in the case its orders were void.

"Counsel for the defendants in error contends that 'the court having jurisdiction of the parties and of the subject matter, it was a judicial function granted by law to the court to determine whether there was a good cause shown by the bill to dissolve or close up the business of the corporation and to appoint a receiver.' He overlooks the fact that the subject matter of the bill was not within the general equity jurisdiction of a court of chancery but was a statutory jurisdiction, which must be made to appear on the record; that none of the causes for which, by the statute, courts of equity are authorized to take charge of corporations and close them up are alleged; that the court was without jurisdiction, and that it has been expressly held

that, having no general equity powers and the bill wholly failing to bring the case within the provisions of the statute, the court was without jurisdiction of the subject matter.'' (Section 54 of the General Corporation Act and section 25 of the earlier Corporation Act, referred to in the foregoing opinion, were predecessors of the present sections 86(b) and 87 of the Illinois Business Corporation Act of 1933.)

Section 49 of the Chancery Act [Ill. Rev. Stat. 1937, ch. 22, § 49; Jones Ill. Stats. Ann. 106.12] contains no express authority for the appointment of a receiver for a corporation and no case in this State has been cited by plaintiff, and we have been unable to find one that approves the appointment of a receiver for a corporation pursuant to any authority implied in said section under circumstances such as exist here. Even though sec. 49 of the Chancery Act, in general terms, expressly authorized the appointment of a receiver it would still be ineffectual to sustain plaintiff's position. The terms and application of that section of the statute being of a general nature, it would be superseded by the provisions of the Illinois Business Corporation Act, especially limited and applicable to the appointment of a receiver for a corporation. ''A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject matter, supersedes a general statute not referring to the particular subject matter but containing language which might be broad enough to cover the subject matter if the special statute was not in existence.'' 59 C. J., sec. 546, p. 937.

Inasmuch as the rule is clear that a receiver for a corporation may be appointed only pursuant to and in accordance with the statutory powers granted by sections 86(b) and 87 of the Illinois Business Corporation Act, and that the statute must be strictly construed, it is essential that plaintiff bring his case within the let-

ter and intent of said sections. Since one of the requirements of section 86(b) is a showing of the insolvency of the corporation for which the receiver is sought, where it appears conclusively, as it does here, that the defendant corporation is solvent and able to pay its debts in the regular course of business as they mature, there can be no appointment of a receiver under the statutory grant of power contained in that section.

The ultimate relief prayed by plaintiff was the dissolution of the defendant corporation, and the court being without jurisdiction to grant such relief it necessarily follows that it was without jurisdiction to appoint a receiver *pendente lite,* as a receiver may be appointed only as an incident to or in aid of the ultimate relief sought.

While we feel that there is merit in plaintiff's contention that defendant has plainly evidenced from the beginning of this controversy an intention to avoid payment of plaintiff's claim, regardless of the judgment of the courts of this State, nevertheless we are compelled upon technical grounds to reverse this case.

We have considered the other points urged, but in the view we take of this cause it is unnecessary to discuss them.

For the reasons stated herein the order of the superior court is reversed.

*Order reversed.*

FRIEND, P. J., and SCANLAN, J., concur.