William H. Miller et al., Appellees, v. Chicago Transit Authority, Appellant.

Gen. No. 45,016.

Opinion filed January 19, 1950. Released for publication February 21, 1950.

WERNER W. SCHROEDER, THOMAS C. STRACHAN, JR., G. T. HELLMUTH, and JAMES E. HASTINGS, all of Chicago, for appellant.

• HARRY R. BOOTH, of Chicago, for appellees.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an interlocutory appeal from an order entered October 18, 1949, restraining defendant Chicago Transit Authority from enforcing and continuing in effect a certain ordinance to increase fares on transportation facilities of defendant.

Plaintiffs filed a verified complaint alleging in substance that they are residents of the Chicago Metropolitan Area and users of the facilities furnished by defendant a municipal corporation; that defendant passed a certain ordinance #49–5 effective October 13, 1949, providing for the increase in fares for transportation services in accordance with the recommendation of its general manager; and that the proposed ordinance is illegal and void for the following reasons:

a. The proposed charges are excessive, unduly high and extortionate;

b. The proposed charges are not based on efficient and economical management but rather upon extravagant, excessive and unnecessary costs;

c. The proposed rates are contrary to the evidence received by the Authority in the aforesaid hearing;

d. The proposed rates constitute an abuse of discretion by the Authority;

e. The proposed fares will not produce sufficient revenues to meet the standards of the Act or enable the Authority to carry out the purposes of the Act in providing adequate, efficient and economical transportation service in that the higher fares will result in a substantial decline in traffic on the properties operated by the Authority;

f. The order is illegal in that it is contrary to Section 31 which provides that ordinances providing for penalties shall not become effective for ten days until after publication;

g. The order is invalid because it was not published prior to its effective date;

h. The order is illegal in that it would deny the complainants an adequate opportunity to seek a stay of said ordinance and thus deprive complainants of their constitutional right to an adequate judicial review of said ordinance;

i. The ordinance is invalid in that participating in the deliberations in connection with the ordinance was Irvin L. Porter, a member, in fact sponsored said ordinance and who was not a proper, competent or disinterested person since he was also a member of the Board of Directors and Vice President of the First National Bank which acts as trustee under a certain deed of trust executed by said Authority.

This suit was filed on October 13, 1949. October 17, defendant filed an affidavit in opposition to the plaintiffs' motion for injunction, averring that defendant Chicago Transit Authority heretofore issued its revenue bonds in the aggregate amount of $105,000,000, pursuant to and secured by a certain trust agreement dated July 1, 1947, made and entered into by and between the Chicago Transit Authority and the First National Bank of Chicago as trustee, which provided,

400

among other things, that the rates and charges for services supplied by the transportation system of defendant, "shall be lawfully determined and fixed from time to time by the Board so as to supply efficient and adequate local transportation, equipment and service at a cost consistent with the requirements of the law and the provisions of the trust agreement. The Board shall fix rates and charges for transportation such that the income and revenue derived from the transportation system shall at all times be sufficient in the aggregate to provide for the payment of all the expenses and charges payable from such income and revenue, including, without limiting the generality of the foregoing, all operating costs and expenses of the transportation system, including the costs and expenses of establishing a damage reserve fund and a pension and retirement system, the prompt payment of the principal of and the interest on all revenue bonds and other obligations of the Authority, as well as all sinking fund and reserve fund payments required to be made with respect thereto, the payments required to be made to the municipal compensation account, and all other charges upon the revenue and income as is provided in this trust agreement or in any agreement entered into by the Authority with respect to other obligations incurred or assumed by it, the creation and maintenance of an adequate depreciation reserve for the replacement of obsolete and worn out property, and for the payment of all other costs, expenses and charges of every kind necessary or appropriate in the maintenance and operation by the Authority of an efficient transportation system and for the payment of which funds are not otherwise provided."

The affidavit further averred that on the basis of present traffic and present operating costs, the revenues of defendant from rates, fares and charges now in effect are and for some time past have been insuffi-

cient to meet the requirements of the statute and of the aforesaid trust agreement. For the first eight months of 1949, the revenues (without making provisions for the prospective retroactive wage adjustments as to be agreed upon) were insufficient by the amount of $1,606,950 to meet the depreciation requirements and were insufficient to make any provision whatever for operating expense reserve charges of $600,000 and to provide funds for municipal compensation of $769,815. The deficit in provision for depreciation has since August 31, 1949, down to and including the present date accrued and is continuing to accrue at the present rate of approximately $35,000 a day.

It appears from the finding in the order here appealed from that the chancellor rested his decision upon the ground that ordinance 49–5 amending ordinance number 11 imposed fines and penalties and therefore, under section 31 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1949, ch. 111 2/3, par. 331, State Bar Ass'n Ed. [Jones Ill. Stats. Ann. 21.2064 (32)]), defendant Transit Authority was required to publish the ordinance here in controversy for a period of ten days before it could take effect.

Ordinance number 11 and the subsequent amendments, including the ordinance here involved, 49–5, contains no provision for any fine or penalty, nor does it make any reference to any other ordinance. The penalties are found in ordinance number 12.

In support of their position plaintiffs rely on *City of Chicago v. Miller,* 146 Ill. App. 530; *Texas Traction Co. v. Scoggins (Tex.),* 175 S. W. 1128; and *Pressel v. Ferris,* 148 Misc. 910, 256 N. Y. S. 517. The facts in the cases last cited are dissimilar to those in the case at bar and we think readily distinguishable from those in the present case. In the instant case the ordinance number 49–5, and the one prescribing the penalties, ordinance number 12, are separate and complete.

■ The ordinance here attacked imposes no penalty; therefore we think publication is not required. See *Town of Oak Grove v. Village of Juneau,* 66 Wis. 534.

The record discloses that the hearing on the matter of the issuance of the temporary injunction was commenced on Monday, October 17, 1949 at 11:00 o'clock a. m. and continued into the afternoon. At the close of the argument on that day the chancellor indicated he would issue a temporary injunction and requested plaintiffs' counsel to prepare an order to be presented to the court on the following morning, whereupon the court adjourned until October 18, 1949 at 10:30 a. m. At the opening of court on October 18, 1949, defendant's counsel stated to the chancellor that he had filed a verified answer in the office of the clerk and thereupon offered evidence to prove that ordinance number 11 and the amendments thereto did not contain any provision for penalties. This offer of proof was refused by the chancellor.

■ Defendant's answer joined issue on all the material allegations of the complaint and alleged affirmative matters of defense. No evidence was offered by plaintiffs in support of the allegations of the complaint, nor did they file a reply to defendant's verified answer. The answer presented a complete defense and, since no replication was filed, the averments of the answer must be taken as true. (*Mechan v. Parsons,* 271 Ill. 546; *Farrell v. McKee,* 36 Ill. 225; *Wiedoeft v. Frank Holton & Co.,* 294 Ill. App. 118.) The rule seems well established that an interlocutory order must stand or fall upon the pleadings as they existed at the time the order was entered. (*Cohen v. Sparberg,* 316 Ill. App. 140.) When the order here complained of was entered defendant's answer was on file. Notwithstanding the expression of the chancellor the day before of his intention to enter an order for a temporary injunc-

tion on the following day, we think that under the circumstances shown by the record, in determining the question presented he should have considered the answer as having been filed in apt time.

In the view we take of this case it is unnecessary to consider the other points raised.

For the reasons assigned, the order is reversed.

*Order reversed.*

BURKE and KILEY, JJ., concur.