(No. 13063.—Judgment affirmed.)

JOHN R. MONTGOMERY *et al.* Appellants, *vs.* THE DIME SAVINGS AND TRUST COMPANY *et al.* Appellees.

*Opinion filed December 17, 1919.*

SOLICITORS' FEES—*solicitors' fees are allowed to parties and not to the solicitors.* Where solicitors' fees are allowed, whether by statute or otherwise, the allowance can be made only to the party or parties to the litigation and not to the solicitors performing the services.

CARTER, J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

IRVING HERRIOTT, (JOHN R. MONTGOMERY, of counsel,) for appellants.

CAMERON & CAMERON, (ALBERT M. KALES, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Julia Ballance Watson, Virginia Ballance Starke, Myrtle Ballance Towar, Lillian Ballance Sheridan, Joseph Ballance Remer and Florence Ballance Stevens were defendants to a bill filed in the circuit court of Peoria county by the Dime Savings and Trust Company and Leslie Robinson, praying for a construction of the last will and testament of John

Green Ballance, deceased. From an adverse decree they appealed to this court and the decree was affirmed. (*Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419.) They were represented in the circuit court and on their appeal by E. E. Watson and the appellants, Montgomery, Hart & Smith, as their solicitors and counsel, and all of them, including the attorneys, filed their petition in this case in the probate court of Peoria county against the executors, asking that court to direct payment from the estate of the costs, expenses and solicitors' fees incurred and earned in the prosecution of the appeal. The petition alleged that the meaning of the will was exceedingly doubtful and the determination thereof involved difficult and technical questions; that in order to perfect title to the real estate the appeal to this court was necessary; that an allowance was made to the defendants in the circuit court up to the time of the decree of that court, which allowance was paid, but that such payment did not include any of the costs, expenses or attorney's fees incurred in connection with the appeal. The executors, the Dime Savings and Trust Company and Leslie Robinson, filed their motion to strike the petition from the files, and the motion was sustained by the probate court and the petition was stricken from the files. All of the petitioners except Montgomery, Hart & Smith acquiesced in the order, but Montgomery, Hart & Smith appealed to the circuit court, where a motion was again made by the executors to strike the petition from the files of that court. The motion was sustained and the petition stricken from the files. From that order the attorneys, Montgomery, Hart & Smith, prosecuted a further appeal to the Appellate Court for the Second District. The order was affirmed by the Appellate Court and a certificate of importance was granted and an appeal to this court.

The reason alleged for an allowance of the expenses incurred in the appeal was, that there was such ambiguity in the language of the testator, John Green Ballance, as to jus-

tify an application to a court of equity for the construction of the will and such doubt and uncertainty that an appeal to this court was justified, and it was claimed that under such conditions expenses of the litigation should be borne by the estate. Whether the case was of such a nature that the expenses of the appellants in the prosecution of the appeal should be paid by the estate or not, the right, if. it existed, was the right of the parties and not of the solicitors employed by them. If there was a right it was a right of the parties incurring the expenses to reimbursement. Where there is a statute providing for an allowance of solicitors' fees, the allowance can only be made to the party to the litigation and not to the solicitor performing the services. In a suit by a wife for separate maintenance the statute authorizes the court to make an allowance to enable her to prosecute her suit, but an application for such an allowance must be in her name and made to her and not to her solicitor. The allowance is designed to meet all just and reasonable expenses which the wife may incur, including solicitors' fees, but an order for payment to the solicitor is not warranted by the statute or any rule of law or equity. (*Anderson* v. *Steger,* 173 Ill. 112.) The same rule applies with equal force to a claim for an allowance where there is no statute.

The petition showed no cause of action in the solicitors against the estate of Ballance, and the parties who had the right, if any existed, being satisfied with the order of the probate court, the circuit court did not err in striking the petition from the files.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.

Mr. JUSTICE STONE took no part in this decision.