SUSAN DWIGHT BLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58391, 60709. Promulgated December 2, 1932.

*C. C. Holmes, Esq.,* for the respondent.

## OPINION.

TRAMMELL: This case was submitted upon the pleadings and certain stipulations of the parties, set out above as our findings of fact. The issues presented in the original pleadings have been disposed of by the stipulations, but in an amended answer the respondent alleges that the deficiencies as originally determined by him were understated because of the allowance of deductions for contributions in excess of 15 per cent of the petitioner's " ordinary net income " before deducting contributions, and asserts claim for increased deficiencies accordingly.

The petitioner claimed deductions from gross income for each of the taxable years in excess of 15 per cent of her ordinary net income, but in amounts less than 15 per cent of her combined " ordinary net income " and " capital net gain." It is stipulated in effect that the amounts so claimed by the petitioner on account of contributions constitute allowable deductions within the purview, and subject to the limitations, of section 23 (n) of the Revenue Act of 1928, which provides that in computing " net income " there shall be allowed as deductions, among other things:

(n) *Charitable and other contributions.*—In the case of an individual contributions or gifts made within the taxable year * * * to an amount which * * * does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. * * *

Thus, the issue presented is whether the maximum amount which an individual may deduct for contributions in computing net income is 15 per cent of " ordinary net income," or whether such maximum deduction may include also a corresponding percentage of " capital net gain." This question involves a construction of the provisions of the statute relating to net income and capital net gains.

The Revenue Act of 1928 provides for the taxation of capital net gains as follows:

[SEC. 101.] (a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation who for any taxable year derives a capital net gain * * * , there shall, *at the election of the taxpayer*, be levied, collected, and paid, in lieu of all other taxes, imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain. [Italics supplied.]

It follows from the above provisions of the statute that if an individual taxpayer derives a capital net gain and elects to have the tax computed at the special rate therein provided, as the petitioner in this case has done, the amount of such capital gain is excluded from gross income for the purpose of computing normal and surtaxes upon ordinary net income.

Section 21 of said act defines "net income" as meaning the gross income computed under section 22, less the deductions allowed by section 23, and the latter section provides in subsection (n) that in computing net income deductions for charitable contributions shall be allowed to an amount which does not exceed 15 per cent of the taxpayer's net income computed without such deductions.

Hence, if the capital net gain has been excluded from gross income for the purpose of computing the tax thereon at the special rate provided, it can not at the same time form a part of the basis for computing the maximum deduction allowable for contributions. On the other hand, if the taxpayer does not elect to have the capital gain taxed at the special rate, it is then included in the gross income, and the charitable deduction would be computed on the basis of the resulting net income.

This construction of the statute is further supported by the fact that section 101 (c) defines "ordinary net income" as meaning "the net income computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions." If capital gain is excluded from gross income, and capital deductions are also excluded in computing "ordinary net income," it is obvious that the term "net income" as used in section 23, which furnishes the basis for computing the maximum deduction for contributions, means "ordinary net income," and such deductions must be computed on the basis of net income from which all capital gain, capital loss and capital deductions have been excluded.

Again, section 101 (c) defines "capital net gain" as meaning "the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains."

Charitable contributions are not allowed as capital deductions, and can not be used in computing maximum deductions for charitable contributions. The taxpayer can not exclude capital gain from gross income for the purpose of getting the benefit of the lower rate of tax thereon, and at the same time include capital gain in gross income for the sole purpose of computing the maximum deduction for contributions.

In the above provisions of the statute, we think Congress has clearly and designedly limited allowable deductions for charitable and other contributions to a maximum of 15 per cent of the ordinary net income computed upon the basis of excluding all items of capital gain, capital loss and capital deductions.

The contention of the petitioner can not be sustained. The deficiencies will be redetermined accordingly, after giving effect to the stipulations of the parties on other points, as set out in our findings of fact.

*Judgment will be entered under Rule 50.*