AUGUSTA BLISS REESE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70410. Promulgated March 6, 1934.

*Laurence Graves, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

### OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the year 1930 in the amount of $17,294.47. The two issues involved are based upon the petitioner's allegations:

(1) That the respondent erroneously reduced the deduction to which the petitioner is entitled for contributions to charitable organizations by $4,498.77 upon the ground that the deduction for contributions is limited to 15 percent of the ordinary net income, excluding capital net gain; and

(2) That the respondent erroneously included in petitioner's gross income the amount of $96,801.32 representing income distributable to the petitioner from the estate of George Bliss.

The principal facts are stipulated. The petitioner was the sole beneficiary under a trust created by the will of her father, George Bliss, the income of which was distributable to her in accordance with item 14 of the will, which reads as follows:

FOURTEENTH.—The SIXTH of said SHARES, designated as the share of my daughter AUGUSTA, I give, devise and bequeath to my said Executors, the survivors and survivor of them and their successors, IN TRUST, for the uses and purposes following, that is to say:

To retain and hold the said share as TRUSTEES under this my will, with all the powers and authority hereinafter given to such Trustees; to invest and keep invested said share as and in the manner hereinafter provided; to collect and receive the rents, issues, income, dividends and interest of the said share;

1

and after paying all taxes and assessments that may be imposed thereon, or any part thereof, and all other expenses incidental to the execution of the trusts hereby created, including the legal compensation of the trustees therein, to apply the net income of said share half-yearly, or as the same shall be received, to the use of my said daughter AUGUSTA during her natural life, and upon her death, to convey, transfer, pay over and distribute the same equally in fee simple to and among her lawful issue then living in equal shares, *per stirpes* and not *per capita;* and in case my said daughter shall leave no lawful issue surviving her, then in such case, to convey, transfer, pay over and distribute the said share equally in fee simple to and among her surviving brothers and sisters, whether of the whole or half blood, but being of my blood, and the lawful issue then living of any and each deceased brother and sister of such blood, *per stirpes* and not *per capita.*

During the taxable year 1930 the fiduciary distributed all of the income of the trust to the petitioner, with the exception of certain deductions not here in dispute. The total amount paid to petitioner during the year was $192,177.04, of which the respondent determined that $126,419.56 was net taxable income.

By order of the Surrogates' Court dated May 26, 1930, the fiduciary paid out an aggregate of $96,801.32 representing commissions to trustees for receiving and distributing the corpus of the trust. The decree of the Surrogates' Court is as follows: ·ⁱ

Ordered, adjudged and decreed that out of the balance of the trust for the benefit of Augusta Bliss Reese found as above remaining in the hands of the trustees they make the following payments:

*From Principal—*

To Katherine Baldwin Bliss, Cornelius Reese Agnew, George M. Clark and John J. Carolan, as executors of the will of Walter Phelps Bliss, deceased, the sum of $27,040.76, representing commissions found to be due the estate of Walter Phelps Bliss, deceased, late executor.

To George Bliss Agnew, the sum of $35,232.48, representing commissions found to be due him.

To William Willis Reese, the sum of $34,528.08, representing commissions found to be due him.

In her income tax return for 1930 the petitioner did not include the amount of $96,801.32 in her gross income, reporting a net income of only $12,917.91.

The petitioner reported a capital net gain of $29,991.85 in her return and elected to have such capital gain taxed at 12½ percent in accordance with the provisions of section 101 (a) of the Revenue Act of 1928. The return showed charitable contributions aggregating $46,215.81, for which a deduction was claimed of $21,854.31, computed under section 23 (n) of the Revenue Act of 1928. By an adjustment shown in the deficiency notice the respondent has increased the allowance for contributions to charity by the amount or $10,021.43.

The first issue, as stated above, is decided in favor of the petitioner's contention upon authority of *Aaron Straus*, 27 B.T.A. 1116;

*Edgar A. Igleheart et al., Executors,* 28 B.T.A. 888; *Bliss* v. *Commissioner,* 68 Fed. (2d) 890, reversing 27 B.T.A. 205; and *Harbison* v. *Commissioner,* 68 Fed. (2d) 1004, reversing 26 B.T.A. 896.

With respect to the second issue, the respondent has added to the income reported by the petitioner the amount of $96,801.32 representing the trustees' commissions paid by the fiduciary out of the principal of the trust fund. The question is whether the petitioner is entitled to a reduction of her taxable income by such amount.

Under clause fourteenth above of the trust agreement the entire net income of the trust fund was payable to the petitioner. All of such income for the taxable year 1930 was distributed to the petitioner without diminution on account of the $96,801.32 paid out as trustees' commissions. We see no reason why the petitioner should not be taxed on all of the taxable income distributed to her, in the absence of any showing that such amount was erroneously or unlawfully distributed. Cf. *Freuler* v. *Commissioner,* 291 U.S. 35. In that case it was held that where a trustee under a will distributed all the income of the trust, including amounts representing depreciation of the corpus, and where later the Probate Court held that such distributions were erroneous as to the amount representing depreciation and ordered such amounts repaid by the beneficiaries, the amounts in question were not taxable income to the beneficiaries. In the instant case the trustees' commissions were paid out of the principal of the trust fund by decree of the Surrogates' Court dated May 26, 1930. It does not appear that the validity of the decree of the court directing that the payment of the commissions be made from principal has ever been questioned. Until reversed or overruled it is conclusive in matters regarding the distribution of the trust property. *Freuler* v. *Commissioner, supra.*

The instant case is also distinguished from *Helvering* v. *Falk,* 291 U.S. 183, where the Supreme Court held that the beneficiaries under a trust, the income of which, after deduction of taxes and expenses of administration, was payable to them, were entitled to deduct depletion from the income received in the years 1922 to 1926, inclusive. The reasoning of the Court in that case was that the deductions for depletion properly should have been made from the trust income. In the instant case the trustees' commissions were a charge against the principal of the trust fund and did not affect the amount of income distributable to the beneficiary. We hold that the petitioner is taxable on the amount of income actually distributed to her in the taxable year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*