**KOHNSTAMM et al. v. PEDRICK, Collector of Internal Revenue.**

District Court, S. D. New York.

June 19, 1946.

Fraenkel, Jackson & Levitt, of New York City (Charles H. Levitt, of New York City, of counsel), for plaintiffs.

John F. X. McGohey, of New York City (Samuel Brodsky, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Plaintiffs and defendant, respecitvely, move for summary judgment. The action is one by executors to recover income taxes paid by the decedent for the year 1941, by reason of the disallowance by the Commissioner of Internal Revenue of certain deductions in the decedent's amended return. The facts are undisputed.

The decedent was declared incompetent by the Supreme Court of the State of New York in 1939 and a committee of his person and property was appointed. The incompetent's estate was in excess of $600,-000. Thereafter, in March, 1941, the incompetent's wife died, leaving a will wherein she made no provision for her husband except as a contingent remainderman.

Under New York Decedent Estate Law, Section 18(1), the husband is given "a personal right of election * * * to take his * * * share of the estate" of his deceased wife "as in intestacy," namely, one-third thereof. The incompetent's intestate share would have amounted to ap-

proximately $116,000. Subdivision 6 of Section 18 provides that "the election * * * may be made in behalf of an incompetent when authorized by the supreme court." This has been construed to mean that the election can be made only if authorized by such tribunal. Matter of McGarry's Estate, 1935, 155 Misc. 467, 469, 280 N.Y.S. 202, modified 245 App.Div. 834, 282 N.Y.S. 234, affirmed, no opinion, 270 N.Y. 514, 200 N.E. 296; New York Civil Practice Act, Section 1377.

In the instant case the committee instituted a proceeding in the New York Supreme Court seeking instructions as to whether the right of election should be exercised on behalf of the incompetent, and, if so, authorization therefor. In this proceeding the court appointed three special guardians, one for the incompetent, one for the decedent's grand-daughter and one for certain unborn issue. Each of these special guardians filed a report. The court, thereafter, determined that the committee should not exercise the right of election and, by an order dated June 17, 1941, awarded a fee of $3,000 to each of the three guardians and of $4,500 to the attorneys for the committee, together with $62.65 for disbursements, making an aggregate of $13,562.65. These amounts were paid out by the committee in June, 1941.

The 1941 income tax return was filed by the committee on behalf of the incompetent and the tax disclosed thereby paid. Thereafter, an amended return was filed which contained the deductions for the expenses paid pursuant to the order of the New York Supreme Court. The taxpayer relied on Section 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 23(a) (2), which permits as deductions from gross income, in the case of non-trade or non-business expenses, "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

The Commissioner disallowed these deductions. The taxpayer paid the additional amount, filed a claim for refund with the Collector, which was disallowed to the extent of $5,553.86, the amount in suit.

The incompetent died on January 18, 1945. The committee was discharged on August 28, 1945. The plaintiffs bring this action as executors under the last will and testament of the deceased incompetent.

The issue is whether the expenses of an incompetent's committee, incurred in a proceeding in the New York Supreme Court, instituted for the purpose of obtaining instructions whether the committee should elect, on behalf of the incompetent, to take his share, as in intestacy, of his deceased wife's estate, under Section 18 of the Decedent Estate Law, resulting in a decision against election, are deductible in computing the incompetent's income tax.

The requirement of Section 23(a) (2) of the Internal Revenue Code that, to render the expense deductible, it must be ordinary and necessary is not in issue in this case. If the plaintiffs are to prevail in this case it is because, as they claim, the expenses herein involved were incurred in the management of property held for the production of income. The plaintiffs rely upon Bingham's Trust v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L. Ed. 1670. In that case the court held deductible counsel fees paid by trustees for litigation in which they unsuccessfully contested a deficiency assessment and for legal services connected with the payment of a legacy and in connection with the disposition of the assets of the trust upon its expiration. These expenses, said the court, 325 U.S. at page 376, 65 S.Ct. at page 1238, 89 L.Ed. 1670, "are directly connected with or proximately result from the enterprise—the management of property."

In Cammack v. Commissioner, 1945, 5 T.C. 467, the taxpayer had litigated the disallowance of a deduction for a loss occasioned by worthless stock, and then deducted the cost of the litigation. The Tax Court held that the deduction was permissible under Section 23(a) (2), since it grew out of the management of stock held for the production of income. It overruled the Commissioner's contention that the property was known to be worthless,

at least when the suit was brought, was thus not then held for production of income, and, accordingly, the expenses of the suit were, therefore, not those of "management of property held for the production of income." The Commissioner has announced his acquiescence in this decision. 1945 Int.Rev.Bull. No. 18, p. 1.[1]

To give effect to the Bingham decision the Treasury Department, on May 15, 1946, revised Section 19.23(a)–15(b) of Regulations 103. In the light of this amendment the issue is narrowed to a choice of which of two provisions govern in the instant case. The defendant relies on the following language of the Regulations which survived the revision:

"Expenditures incurred in protecting or asserting one's right to property of a decedent as heir or legatee, or as a beneficiary under a testamentary trust, are not deductible expenses."

More closely pertinent, however, it seems to me, is the following language retained in the amended regulations:

"Reasonable amounts paid or incurred for the services of a guardian or committee for a ward or minor, and other expenses of guardians and committees which are ordinary and necessary, in connection with the production or collection of income inuring to the ward or minor, or in connection with the management, conservation, or maintenance of the property, held for the production of income, belonging to the ward or minor, are deductible."

■ When the Bingham definition of management of property is read upon this language of the Regulations, the conclusion seems irresistible that the expenditures in issue are deductible.

Peculiarly apposite also, in the light of the Bingham decision, is the following new language incorporated in the Regulation:

"Reasonable amounts paid or incurred by the fiduciary of an estate or trust on account of administration expenses, including fiduciaries' fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible under this section, notwithstanding that the estate or trust is not engaged in a trade or business, except to the extent that such expenses are allocable to the production or collection of tax-exempt income."

The expenses herein involved were "reasonable amounts paid * * * by the fiduciary of an estate on account of * * * expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration."

The fees paid out by the committee fit more snugly into the category thus defined than the category embraced in the language "protecting or asserting one's right to the property of a decedent." Had the committee been authorized by the Supreme Court to make the election, and had the exercise of that right resulted in expenses for the vindication of the right, then, perhaps, they would fall into the latter category. Here, however, the committee was not yet asserting any right to property. It was performing its duty to seek judicial instruction preliminary to the assertion of such right.

The line of division is confessedly not sharp, but the need of practical accommodation is implicit both in the statute and in the regulations.

I am unable to find any significance in the fact that here the return was made by the "incompetent" (that is, by the incompetent acting through his committee), and that in the Bingham case the return was made by the trustees. The underlying realities are not distinguishable.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted.

---

[1] So also, it was held in Williams v. McGowan, 2 Cir., 1945, 152 F.2d 570, that attorneys' fees paid by a taxpayer for obtaining a tax refund were deductible under Section 23(a) (2).