GERTRUDE LIBBEY ANTHONY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 12150. Promulgated November 20, 1947.

*Samuel S. Dennis, 3d, Esq.*, for the petitioner.
*Leo C. Duersten, Esq.*, for the respondent.

958

960

**OPINION.**

Disney, *Judge*: The petitioner, life beneficiary of the trust income, reported the total taxable trust income, but deducted expenses

($3,455.44 for 1942, $727.49 for 1943), stating in each report, that the "Trustee has indicated that it would report income before deducting expenses. Taxpayer believes that such expenses are deductible under Section 23 (a) (2) of the Internal Revenue Code. Accordingly, income from fiduciary is computed as follows:"—followed by statement of total taxable income and deduction of expenses in the above amounts. The Commissioner restored the $3,455.44 and $727.49 to income.

The question here is: On how much income is the petitioner, trust beneficiary, taxable? She actually received the income without diminution by the $3,455.44 in 1942, or the $727.49 in 1943, but contends she is taxable only after deduction of those amounts. They represented expenses paid by the trustees. If they were properly chargeable against the income, of course the income should be considered thereby reduced, and the petitioner would prevail. If, on the contrary, the above expenses were properly chargeable to corpus, then the amounts should not be considered as reducing beneficiary's taxable income.

The original fiduciary reports filed for 1942 and 1943 showed no deduction of expenses, therefore showed income distributable to beneficiaries the same as total taxable income (there was other nontaxable income), except one item of $104.62 appearing on the 1942 return as a deduction from total taxable income with the notation, "Trs. comm. to exp." It was not until after the determination of the deficiency that amended fiduciary returns were filed, showing the $3,455.44 and $727.49 deducted from total taxable income. In fact, neither these amounts nor any other were charged on the trustees' books to income, with the exception of three small items totaling $13.75 in 1942, which was reversed and charged to principal on September 4, 1942, and except two telephone calls, totaling $1.68, in 1943. All items here involved were charged to corpus on the books of the corporate trustee.

Attempting to demonstrate nontaxability of the two amounts to her, the petitioner, in effect, argues: (a) That amounts distributed to her as a result of the remaindermen's authorization to charge to principal expenses which under local law are chargeable to income, are not taxable income to her, but came to her, in substance, as gift from the remaindermen, her sons. In this connection, it is said that, though the trust instrument gave the trustees discretion as to charging expenses either to corpus or to income, the discretion was not exercised, but the distribution to her was made because of the authorization by the remaindermen to the trustees, and that the discretion was not absolute, but to be exercised, under local law, only in case of doubt as to where the expenses should be charged—and that there was no such doubt (to the extent they were properly, under local law, chargeable only to income). It is also argued: (b) That amounts chargeable to principal, under local law, should be allowed as a deduction to

the trust before computing income payable to, or properly paid or credited to, her under section 162 (b) and (c) of the Internal Revenue Code, because of the provisions of section 23 (a) (2) of the Internal Revenue Code, with respect to allowance of deductions for expenses for production or collection of income, or management, or conservation of property held for production of income. It is said that such section should apply to a nondiscriminatory trust, such as is contended to be involved here.

The petitioner contends, and the respondent does not deny, so we assume, that of the $4,543.49 expenses in 1942 (of which $3,455.44 allocable to taxable income was added to income by the Commissioner and is here involved) the sum of $863.66 was, under local law, properly chargeable to income, and $3,679.83 chargeable to corpus; and as to expenses of 1943, that the entire amount was properly, under local law, chargeable to income. Therefore, under petitioner's own theory, $3,679.83 of the 1942 expense was properly chargeable to principal (regardless of discretion in trustees, and the actual charge to principal). This being the case, we see no proper basis for deduction of that amount from petitioner's taxable income. The deduction was that of the trust, a separate legal entity, and the petitioner can not take it—which is the effect desired here. *Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509; *T. Rosslyn Beatty,* 28 B. T. A. 1286; *Charles S. McVeigh,* 3 T. C. 1246; *Baltzell* v. *Mitchell,* 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690. Such a charge to trust corpus does not reduce the beneficiary's income. This disposes of the idea that section 23 (a) (2) applies to trusts, for it is immaterial as to the beneficiary, whose income is here involved. Though she was to receive the net income of the trust, the net income of the trust is not the same as taxable income of a beneficiary. *Baltzell* v. *Mitchell, supra.* We hold that to the extent that the petitioner agrees that the expenses were proper charges to principal, the Commissioner did not err in restoring to the petitioner's income the amount deducted. This is 3,679.83/4,543.49 of $3,455.44, or $2,798.60.

This leaves for consideration the amounts represented by deductions for the expenses which the petitioner views as properly chargeable only to income; that is, the $863.66 item for 1942 and $918.66 for 1943, as to which the petitioner deducted from 1943 income $727.49 (the difference being represented by allocation to nontaxable income). The respondent does not admit that these amounts represent expenses chargeable only to income, but contends in substance that, having been charged to corpus, they may not be deducted by the petitioner from total taxable income. Here we consider the arguments advanced by the petitioner under (a) above. Do the amounts represent distribution of trust income, within the discretion of the

trustees, or gifts from remaindermen because of the authorization given the trustees to charge to principal? The petitioner says that, because of such authorization, the trustees exercised no discretion. We can not agree. The trustees were not compelled to accept the authorization. It was still within their discretion as to whether to charge to corpus or to income. We consider the argument made overtenuous. Assuming that the trustees depended upon the authorization and agreement to hold them harmless, as protection, they still, and necessarily, exercised their judgment as to how to act. This was use of discretion, within the meaning of the trust instrument. We can not conceive that such authorization and agreement to hold harmless is sufficient to change what would otherwise be distribution of trust income into a gift from the remaindermen, most particularly in the face of the further provision that no part of the trust property or income should be assignable. The remaindermen were without power to make a gift of either corpus or income. The petitioner argues, however, that the discretion was not absolute, but exercisable only in case of doubt between expenses chargeable to income and to principal. In this connection, we note that on brief the petitioner concedes that:

* * * If the trustee has the power under the terms of the trust to charge items which are clearly income charges to principal and vice versa, and he exercises the power, then his determination will ordinarily determine the question of whether these items are deductible in computing the distributable income of the beneficiary. * * *

She immediately adds:

* * * On the other hand, if certain items are clearly charges to income under local law and the trust instrument does not give the trustee power to charge such items to principal or if he does not in fact exercise such power, then the amount which the beneficiary must report as taxable income is reduced by the trust expenses involved. * * *

Ordinarily, then, it is agreed that if there is power to choose, exercised, the trustees' determination controls. In our opinion, there is found in the trust instrument here a clear and absolute power of choice, between corpus and income, as to charging expenses. After giving the trustees powers of choice between investments and power, instead, to deposit the funds, also power to decide whether to pay premiums on investments with the last income from previous investments, the instrument says that the trustees "may charge any and all such expenses and charges to principal or income in their discretion." We do not see how the language could be more explicit. It is clear and unambiguous, leaving no doubt in our minds that the testator meant precisely what he said. We do not think there is room for the petitioner's view that such discretion is exercisable only where there

is, in the nature of the expense, doubt as to where it should be charged. The testator did not so express his views, and he may well have had his own reasons for providing that the trustees should allocate expenses where they wished. We do not think the language used permits the interpretation petitioner desires. Nothing in the context of the instrument suggests a restricted meaning for the term "discretion." In the absence thereof, it will be regarded as meaning nothing less than complete discretion. We see no sound reason why the power given was, in the petitioner's language, "not broad enough to authorize the trustees to charge against principal items ordinarily chargeable against income." In our view, that is just the power conferred. We are guided by the trust instrument. *Baltzell* v. *Mitchell, supra; Jack M. Franks*, 32 B. T. A. 260. The trustees did not act arbitrarily or in abuse of power. *Elizabeth F. Wade*, 5 T. C. 394.

*American Security & Trust Co.* v. *Frost*, 117 Fed. (2d) 283, cited by the petitioner, is distinguishable from the instant case. There was in that case no discretion to charge expense to corpus or to income. The same is true of *Dumaine* v. *Dumaine*, 301 Mass. 214; 16 N. E. (2d) 625. It involved no discretion as to where to charge expenses, but a question of discretion as to what was corpus or income. The trustee was life tenant, proposing to distribute to himself as such certain profits from sale of stock in the trust corpus. The court held that the trustee, given "full power and discretion" to determine whether property was corpus or income, could "after serious and responsible consideration, short of arbitrary or dishonest conduct or bad faith, or fraud," determine whether the money or property was principal or income. The court was urged to hold that the trustee could not determine what was principal or income, "contrary to established rules of law in this Commonwealth," but declined, saying:

* * * We do not think the clause in issue confers an absolute and uncontrolled discretion. Nor do we think that it limits the trustee to the determination of the matter involved in cases where there is a question of doubt or no rule of law to guide him. * * *

The petitioner here has urged the same. The case is authority against her view. Moreover, the petitioner has not demonstrated, as she suggests, that the expense items just here being considered all "are clearly charges to income, under local law." Though this might be said of the trustees' commissions on income, plainly it could not be said of the other items: "Sundry," "Legal," "Probate certificates and postage," or "Preparation of tax return." We see ample reason for the use of discretion in allocating such items, and none for denying the trustees the right, under the trust instrument, to allocate also as to commissions on income. We are shown no local law sufficient to

override the testator's power to give his trustees the discretion he designates.

The situation here is analogous to that in the case of *Augusta Bliss Reese*, 30 B. T. A. 1, where commissions due trustees for receiving and distributing trust corpus were paid out of principal and not out of income, by order of court, and the income was paid the beneficiary without diminution for such commissions. The beneficiary was, as here, to receive the net income and the trustees were to pay all expenses incidental to the execution of the trusts. We approved taxation to the beneficiary without diminution by the expenses paid from corpus. Though there a court authorized the payments, here the unambiguous trust instrument requires no local judgment for determination of its meaning, and, as we there said:

\* \* \* We see no reason why the petitioner should not be taxed on all of the taxable income distributed to her, in the absence of any showing that such amount was erroneously or unlawfully distributed. \* \* \*

We can find here no error or illegality in the distribution to the petitioner.

The above conclusions on this point apply also to the expenses in the amount of $3,679.83, admittedly chargeable to principal.

We have already above held that discretion was in fact exercised. We hold that the petitioner's taxable income from the trust was not diminished by the expense items charged to corpus, and that the Commissioner did not err in restoring to income the amounts deducted from those she actually received.

*Decision will be entered for the respondent.*