Frank Stone LOYD and J. Easley Edmunds, Jr., Executors Under the Will of Grace Stone Keller, Deceased,

v.

The UNITED STATES.

No. 91–56.

United States Court of Claims.

July 12, 1957.

Edward S. Graves, Lynchburg, Va., for plaintiffs. Edmunds, Whitehead, Baldwin & Graves, Lynchburg, Va., were on the brief.

David R. Frazer, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for the defendant. James P. Garland, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This is an action for the recovery of income taxes alleged to have been illegally assessed against plaintiffs, executors of the estate of Grace Stone Keller, in the amount of $59,693.79 for the year 1953. The sole issue presented is whether the executors of an estate can properly deduct litigation expenses incurred in prosecuting a suit to have a residuary

trust declared void and the trust property paid into the estate. The applicable sections of the Internal Revenue Code of 1939 are section 162 and section 23(a) (2), 26 U.S.C.A. (I.R.C.1939) §§ 162, 23(a) (2), which follow:

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that * * *"

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.—

* * * * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

The facts which are not in dispute and which have been stipulated to by the parties are as follows:

Grace Stone Keller was the daughter and sole heir at law of Mary Peck Stone who died February 3, 1945, leaving a will which created a trust of her residuary estate with the income to go to Mrs. Keller during her lifetime. On her death the income was to be paid at the discretion of the Stone trustees to the First Christian Science Church of Lynchburg, Virginia. Mrs. Keller, who was also one of the executors of her mother's estate and one of the trustees of the aforementioned trust, was paid and received the income of the trust until the time of her death on August 7, 1948.

As far back as April 1945 the executors of the Stone estate were advised that there was doubt as to the validity of the provision in Mrs. Stone's will benefiting the church since it apparently violated statutory provisions relating to gifts for religious purposes. No court

action was taken during Mrs. Keller's lifetime, however.

Since it was neither possible for the Stone executors or trustees to properly administer and distribute the residuary estate of Mrs. Stone, nor for the plaintiffs to properly administer and distribute the assets of Mrs. Keller's estate without obtaining an answer to the question of the validity of the grant made to the church, the plaintiffs in this action instituted suit in the Virginia courts on August 29, 1949, to obtain a determination of that question. Decision was rendered in the trial court and after appeal was finally modified and affirmed by the Supreme Court of Appeals of Virginia on December 3, 1951. A decree was entered, holding that, pursuant to the Code of Virginia, the gift to the church was void except as to the difference between $100,000 and the intangible property held by the church trustees. Maguire v. Loyd, 193 Va. 138, 67 S.E.2d 885, judgment affirmed on rehearing, 194 Va. 266, 72 S.E.2d 631. The property of the Stone estate in excess of that to which the church was entitled was subsequently delivered to the executors of Mrs. Keller's estate in 1953. The market value of the property at the time of delivery to plaintiffs was $472,563.31. There was also delivered to plaintiffs accumulated income which at the time of delivery amounted to an additional sum of $114,378.50. The parties agree that this income is all reportable in the year 1953.

Litigation expenses incurred in the court proceedings hereinbefore referred to amounted to a total of $145,021.14, of which sum $118,519.99 was paid to counsel for the plaintiffs herein and $26,501.-15 was paid to the counsel for the Stone executors and trustees. None of these expenses were claimed as deductions under section 812(b), 26 U.S.C.A. (I.R.C. 1939) § 812(b), for Federal estate tax purposes and there is no dispute as to estate taxes, all problems relative thereto having been resolved.

As the result of a request by the plaintiffs for a ruling on the question here involved, the Internal Revenue Service decided that only such part of the litigation expenses of $145,021.14 as was attributable to the recovery of income was deductible for income tax purposes and that the remainder should be added to the basis of the capital assets on the theory that this portion of the expenses is classified as expenses of asserting or defending title to property and is in the nature of a capital expenditure. The plaintiffs' income tax for 1953 was so calculated, with the resultant tax of $59,-693.79 being paid by plaintiffs on June 15, 1954. No tax would have been due at all if the entire amount of the litigation expenses were allowed as a deduction. Plaintiffs filed a claim for refund on June 24, 1954, alleging the litigation expenses were fully deductible. The claim was denied by the revenue service by registered letter dated January 5, 1955, and suit was thereafter instituted in this court on February 21, 1956.

The Government in its brief cites many cases to sustain its position that the expenditures made by plaintiffs in excess of that portion attributable to the recovery of income were capital expenditures, hence not deductible, and should be added to the basis of the principal property received. The Government also relies on section 39.23(a)–15(k) of Treasury Regulations 118 promulgated pursuant to section 23(a) (2) of the 1939 Internal Revenue Code. That section follows:

"§ 39.23(a)–15. Nontrade or Nonbusiness Expenses.

\* \* \* \* \* \*

"(k) Expenditures incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses. Attorneys' fees paid in a suit to quiet title to lands are not deductible; but if the suit is also to collect accrued rents thereon, that portion of such fees is

deductible which is properly allocable to the services rendered in collecting such rents. Expenditures incurred in protecting or asserting one's rights to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible. * * *"

In respect to this regulation the Government's position apparently relates only to the last quoted sentence. It argues that the litigation costs paid by the taxpayers to acquire the corpus of the trust established under Mrs. Stone's will were expenditures incurred in asserting one's rights to property of a decedent as heir or legatee, and as such are not deductible expenses. In other words, the Government contends that for the purposes of this regulation the executors of the deceased's estate are to be put on the same footing as the deceased prior to death.

The plaintiffs, on the other hand, rely chiefly on the Supreme Court case Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, and § 39.23(a)–15(i) of Treasury Regulations 118 also promulgated under section 23(a) (2) of the 1939 Internal Revenue Code, and which was written into the regulations after and as a result of the Bingham decision. Section 39.23 (a)–15(i) follows:

"Reasonable amounts paid or incurred by the fiduciary of an estate or trust on account of administration expenses, *including fiduciaries' fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible under this section* [Section 23(a) (2) of the 1939 Internal Revenue Code], notwithstanding that the estate or trust is not engaged in a trade or business, except to the extent that such expenses are allocable to the production or collection of tax-exempt income." [Italics ours.]

Plaintiffs also rely on several cases cited to prove their proposition that litigation expenses incurred by a fiduciary should be considered deductible expenses and not capital items in this type of situation. They make much of the fact that all of the cases cited by defendant involve an individual taxpayer seeking to deduct litigation expenses while the bulk of the cases plaintiffs cite involve the same type of expense incurred by a fiduciary of one kind or another and that these cases show a greater liberality for permitting a fiduciary to deduct the expenses rather than requiring capitalization. Plaintiffs feel this distinction between a fiduciary and an individual taxpayer is vital.

Whether or not the substance of the various cases cited by the parties indicates a valid distinction between fiduciaries and individuals so as to permit a deduction to the fiduciary in a situation where the individual taxpayer would not be so entitled, we will not decide. Nevertheless, we feel for the reasons outlined below that the expenses of litigation here put in issue are fully deductible for income tax purposes and that the plaintiff is entitled to a refund for the year 1953 in the amount claimed.

The cases cited by the parties and above referred to do, in the aggregate, however, seem to have an underlying principle to determine deductibility in this type of situation; to wit, if the primary purpose of the litigation which gave rise to the expense was title, then the expenditure is capital in nature and must be capitalized; if the aspect of title is only incidental to the primary purpose of the litigation, then the expense is deductible as such and need not be capitalized.

The Government argues that for an expense to be deductible as an expense paid or incurred for the management, conservation, or maintenance of property held for the production of income, the statute, section 23(a) (2), quoted above, requires the property to be *held* by the taxpayer at the time the expense is incurred and since plaintiffs in this case did not hold the property at that time, title was the primary purpose of the litigation. It is defendant's position that

plaintiffs first had to be awarded title before they could distribute it to the heirs of Mrs. Keller. It contends, therefore, that both under the statute and the cases the expense in question is nondeductible.

■ We feel, however, that so long as the expense is reasonable and "ordinary and necessary" and is directly connected with or proximately results from the conduct of the business of the estate it is deductible, notwithstanding the fact that the property was not actually *held* at the time suit was instituted. While the executors in this case did not actually *hold* the property at that time, under Virginia law they were entitled to the property and title was actually in them since Mrs. Stone's death, irrespective of the fact that there was some confusion and little clarity in the minds of the executors of both estates. The status of the property was as it was ultimately determined to be.

The Supreme Court in the Bingham decision, cited *supra,* a case in which the fiduciary plaintiff sought to deduct expenses incurred in a suit for the refund of income taxes, supports this view wherein, at page 373 of 325 U.S., at page 1237 of 65 S.Ct., it states as follows:

"* * * Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. * * * Section 23(a) (2) thus treats the trust as an entity for producing income comparable to a business enterprise, and like § 23(a) (1) permits deductions of management expenses of a trust, even though the particular expense was not an expense directly producing income."

At page 376 of 325 U.S., at page 1238 of 65 S.Ct., the Court went on to say:

"* * * by its terms and in analogy with the rule under § 23(a) (1), the business expense section, the trust, a taxable entity like a business, may deduct litigation ex-penses when they are directly connected with or proximately result from the enterprise—the management of property held for the production of income."

Thus, the Court in effect held that expenses incurred in attempting to recover property in which the fiduciary taxpayer's right to possess is disputed, are expenses incurred in the management, conservation or maintenance of property held for the production of income. While the Bingham decision dealt only with a trust, it would apply with equal force to an estate.

■ It seems clear then that it is not imperative that the property actually be currently held by the fiduciary, the executor or the trustee, when suit is instituted so as to permit deductibility under section 23(a) (2). As stated above, if the expense is reasonable and "ordinary and necessary" and is directly connected with or proximately results from the conduct of the business (of the estate or trust or any other fiduciary business) it is deductible.

■■ That the expenses in question in this case are reasonable is not disputed. That they are ordinary and necessary can easily be seen in that it would have been impossible for the plaintiffs to properly administer the deceased's estate, that is, to gather and distribute all of the assets thereof, without first obtaining the answer to the question of validity of the grant to the church. *A fortiori,* the executors had a duty to do what they did. The executor of an estate must collect, inventory, and distribute all the property of that estate. To willfully or negligently fail in this duty would subject the executor to the possibility and probability of a suit for mismanagement of the estate. Such would have been highly probable in this case since there was doubt as to the validity of the gift to the church as far back as 1945. The expenses in question, therefore, are ordinary and necessary expenses and proximately result from the business, and we so hold.

Moreover, considering the case strictly from the standard followed by the several cases cited by plaintiffs and defendant and referred to above, that is, what was the primary purpose of the litigation, we must still reach the same conclusion. The primary purpose, or at least the motivating force, of the litigation was not the question of who had title to the property, rather it was that the proper distribution of the estate's assets could not have been had without a prior determination by the court of the validity of the gift.

█ █ In any event, we feel that the problem presented by this case is actually answered by the Commissioner's own regulation. Section 39.23(a)–15(i) of Treasury Regulations 118, quoted above, states that "Reasonable amounts paid or incurred by the fiduciary of an estate or trust on account of administration expenses, *including fiduciaries' fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible * * *.*" [Italics ours.] As we have noted previously, the expenses in suit were ordinary and necessary in connection with the performance of the executors' duties of administration of the estate and, therefore, are entitled to be deducted under the express language of the Commissioner's own regulations interpreting the applicable section of the statute.

Also, we feel that section 39.23(a)–15 (k) to the extent relied on by defendant is inapposite. Plaintiffs in this case are not the heirs or legatees under a will nor are they the beneficiaries under a trust. Plaintiffs are the executors of the heir, thus, necessarily on a different footing than the heir itself. An executor is bound to act and is motivated in his every action, as well as limited in the extent of his actions, by his fiduciary duty.

Moreover, part of that same subsection (k) specifically excludes investment property from the provisions ascribing nondeductibility to legal expenses incurred in defending or perfecting title.

All of the property here involved was investment property. Thus, subsections (i) and (k) of section 39.23(a)–15 by their specific language exempt expenses of the nature here in suit from the nondeductibility provisions.

We conclude and hold, therefore, that all of the litigation expenses here put in question are fully deductible as expenses in offsetting income of plaintiffs for the year 1953 and they are entitled to judgment in the amount of $59,693.79, plus interest as provided by law.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.