OPINION. Fat, Judge: The first issue is whether the petitioners are entitled to an expense deduction for any of the legal fees incurred in connection with the litigation to construe the will. The respondent contends that the payment of these fees should be considered an expenditure of the trust. We agree with the respondent. The equity court, in its decree, determined that the amount of the attorney fees incurred by all the parties was properly a charge upon the trust. When the legal fees of a beneficiary involved in trust litigation are ordered paid from a trust, it is because the beneficiary has benefited the trust by his involvement in the suit. See 4 Bogert, Trusts and Trustees, sec. 861, fn. 2a, p. 390. Thus, although the beneficiary himself may have been benefited by the outcome of the suit, the advantage accruing to the trust is considered of Sufficient magnitude that the beneficiary should be relieved of the burden of paying the legal fees. This transaction is similar to that which occurs when a corporation pays the legal expenses of a stockholder who brings a derivative suit. In several instances this Court has held the payments of these expenses are properly expenditures of the corporation. Charles Kay Bishop, 25 T.C. 969 (1956); Shoe Corporation of America, 29 T.C. 297 (1957); B. T. Harris Corporation, 30 T.C. 635 (1958). In several situations payment by a fiduciary of the legal expenses of other parties to litigation has been treated as a proper expenditure of the fiduciary. Loyd v. United States, 153 F. Supp. 416 (1957); Kohnstamm v. Pedrick, 66 F. Supp. 410 (1946); and Leonard A. Farris, 22 T.C. 104 (1954), reversed on other grounds 222 F. 2d 320 (C.A. 10, 1955). The petitioners, in seeking to show that the legal expenses of the beneficiaries are properly the beneficiaries’ expenditures, have cited the Illinois case of Montgomery v. Dime Savings & Trust Co., 290 Ill. 407 (1919), 125 N.E. 309. This case holds that an allowance of attorney fees in a decree is made to the party and not to the attorney. However, the fact that under Illinois law the beneficiary is used as a conduit for the payment of these expenses is immaterial. The net effect of the transaction involved here is that the trust has paid for legal services that have benefited the trust. The fact that Eleanor was entitled to receive the corpus of the trust at the time that it paid the expenses here in issue does not make its payment her expenditure. Charles F. Neave, 17 T.C. 1237 (1952). Since we have decided that the payment of the legal fees is appropriately an expenditure of the trust rather than the petitioners, it is unnecessary to decide whether the petitioners could deduct this sum if it were their expenditure. However, even if the expenditure were that of the petitioners, it is not clear that it would be deductible under any section of the Internal Revenue Code of 1939; since the payment was made in an attempt to obtain title to property, it is more in the nature of a capital expenditure. The second issue is whether the petitioners are entitled to exclude from their gross income a certain sum received from the trust during the taxable year in issue and reported by them as income on their income tax return for that year. The petitioners urge that if they are not entitled to an expense deduction for the payment of the legal fees the trust is. Further, they contend if the trust is entitled to a deduction then the amount of the trust’s distributable income should be correspondingly reduced; therefore, they should be entitled to exclude from their income amounts reported as income received from the trust. It is unnecessary to decide whether the trust is entitled to deduct the amount it paid in legal fees in order to have the will construed. Even if the trust is entitled to this deduction it would not reduce the amount of income distributed to the petitioners. Section 162(b) of the Internal Revenue Code of 1939, as amended by the Revenue Act of 1942, provides, in part, as follows: (b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, “income which is to be distributed currently” includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. * * * The word “income” in the phrase “amount of the income * * * which is to be distributed currently” means probate income, that is, the income of the trust under applicable local law and the governing instrument. Augusta Bliss Reese, 30 B.T.A. 1 (1934); Gertrude Libbey Anthony, 9 T.C. 956 (1947); United States v. Merrill, 211 F. 2d 297 (C.A. 9, 1954), footnote 3 at 300. Here, the Illinois court ordered the fees paid from principal and that order has not been reversed. That decree is conclusive as to matters regarding the distribution of the trust property. Augusta Bliss Reese, supra. Since the payment of these fees was made a charge upon the principal of the trust, it did not reduce the probate income of the trust distributable to the beneficiaries and includible in their income for Federal income tax purposes. Decision will be entered for the respondent.